IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYSHIK-KEE WILLIAMS,** | : | CIVIL ACTION NO. 1:20-CV-95 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN OF ALLENWOOD USP,** | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2241 in which petitioner Tyshik-kee Williams seeks to vacate his conviction and sentence for unlawful possession of a firearm based on the Supreme Court's decision in Rehaif v. United States, 588 U.S. __, 139 S. Ct. 2191 (2019).  We will deny the petition for writ of habeas corpus with prejudice.

**I.  Factual Background & Procedural History**

On April 9, 2013, Williams pleaded guilty to one count of illegal possession of a firearm by a convicted felon and two counts of distribution of heroin in the United States District Court for the Eastern District of North Carolina.  See United States v. Williams, No. 5:13-CR-17 (E.D.N.C. Apr. 9, 2013).  Williams was sentenced to concurrent terms of imprisonment of 120 months for unlawful possession of a firearm and 240 months for distribution of heroin on July 18, 2013.  See id.  Williams appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed the judgment of sentence on May 12, 2014.  United States v. Williams, 571

F. App'x 200, 201 (4th Cir. 2014).  Williams did not file a petition for writ of certiorari to the United States Supreme Court.

On March 11, 2015, Williams moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  See Williams v. United States, No. 5:13-CR-17, No. 5:15-CV-99, 2015 WL 7573210, at *1 (E.D.N.C. Nov. 25, 2015).  The sentencing court denied the motion on November 25, 2015.  Id.  Williams did not appeal to the Fourth Circuit.

Williams subsequently moved for leave to file a second or successive Section 2255 motion, seeking to challenge his conviction under the Supreme Court's holding in Johnson v. United States, 576 U.S. 591 (2015).  Williams, No. 5:13-CR-17, Doc. 55.  The Fourth Circuit granted the motion on June 24, 2016.  *In re* Williams, No. 16-6808 (4th Cir. June 24, 2016).  The sentencing court subsequently denied Williams's second Section 2255 motion on September 19, 2019.  Williams, No. 5:13-CR-17, Doc. 83.

Williams filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 on January 17, 2020.  In the petition, Williams asserts that his conviction for unlawful possession of a firearm is unlawful under the Supreme Court's holding in Rehaif, 139 S. Ct. at 2191.  Briefing on the petition is complete and it is ripe for the court's disposition.

**II.   Savings Clause**

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(e).  The Third Circuit

Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e), often referred to as the savings clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a § 2255 motion is "inadequate or ineffective." Id. at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)); 28 U.S.C. § 2255(e)).

To demonstrate that a § 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*). Significantly, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

In Dorsainvil, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

3

Williams's petition challenges his conviction based on the Supreme Court's holding in Rehaif, 139 S. Ct. at 2191.  Respondent concedes that Williams may bring this claim pursuant to the Third Circuit's holding in Dorsainvil, given that Williams had already filed a § 2255 motion by the time Rehaif was decided in 2019.  We agree.  Accordingly, we will proceed to the merits of Williams's petition.

### III. Discussion

Williams's petition challenges his conviction for unlawful possession of a firearm under 18 U.S.C. § 922(g).  Section 922(g) states that it is unlawful for any person who has been convicted of a crime "punishable by imprisonment for a term exceeding one year" to possess a firearm.  18 U.S.C. § 922(g)(1).  Individuals who "knowingly" violate this provision are subject to criminal penalties.  18 U.S.C. § 924(a)(2).

In Rehaif, the Supreme Court clarified the *mens rea* that is necessary for a criminal defendant to knowingly violate Section 922(g).  139 S. Ct. at 2194.  The Court held that the word "knowingly" applies to both the defendant's conduct and the defendant's status.  Id.  Thus, for the defendant to be convicted, the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  Id.  In other words, "[i]n felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm."  Greer v. United States, 593 U.S. __, 141 S. Ct. 2090, 2095 (2021) (emphasis in original).

Petitioners seeking relief based on Rehaif's knowledge of status requirement face a high bar because "convicted felons ordinarily know that they are convicted felons." See id. at 2095, 2097.  For this reason, petitioners who have pled guilty to unlawful possession of a firearm in violation of Section 922(g) must establish a reasonable probability that they would not have pled guilty if they had been advised of the correct *mens rea* standard.  Cf. id. at 2097 (noting that criminal defendant seeking relief based on Rehaif on direct appeal from his conviction "has the burden of showing that, if the District Court had correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability' that he would not have pled guilty"); see also Abrams v. McConnell, 3 F.4th 783, 786 (5th Cir. 2021) (applying Greer to habeas corpus petition brought under 28 U.S.C. § 2241); Cartman v. Finley, No. 1:20-CV-432, 2021 WL 2682034, at *4 (M.D. Pa. June 30, 2021) (same).

In this case, Williams seeks habeas corpus relief based on Rehaif because, according to Williams, "the Government never mention[ed] any *mens rea* element," and did not introduce any evidence that Williams knew he was a felon. (Doc. 1 at 6; Doc. 2 at 4).

This argument fails.  Although Williams asserts that he was not properly advised of Section 922(g)'s *mens rea* requirement, the transcript of his plea colloquy indicates that he was aware of his prior felony convictions, (See Williams, No. 5:13-CR-17, Doc. 38 at 18, 24, 27), and Williams does not offer any argument or evidence to show that he would not have pled guilty if he had been properly advised of Section 922(g)'s *mens rea* requirement.  Williams is accordingly not entitled to habeas corpus relief.  See Greer, 141 S. Ct. at 2097.

## IV. Conclusion

We will deny William's petition (Doc. 1) for writ of habeas corpus with prejudice. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: October 15, 2021